Good morning, Your Honors. Jonathan Ibsen, Edwards & Scherney, on behalf of the Adrians. Your Honors, at the outset, I would like to request the ability to retain seven minutes for rebuttal time. The clock is ticking down. Thank you, Your Honors. Your Honors, what we're here today for is a very distressing but simple matter. Your Honors, our clients were in the process of a HAMP modification. They fully complied at every step of the way with what the lender, One West, was requesting. They proceeded through the program, and like a case recently decided by this Court, One West stopped the program and failed to offer them an alternative to foreclosing. Your Honors, I'm sure the Court is familiar, but I would like to direct the Court's attention to this Court's recent case of Covello v. Wells Fargo. A nearly identical set of circumstances. In that case, Your Honors, there was a HAMP modification in process, which was then stopped by the lender unilaterally for alleged inability to proceed. The lender there never provided the borrowers with any other modification options. Counsel, look, as in the previous case that we just heard, counsel, opposing counsels relying on this Arizona Supreme Court case to say, look, you know, you didn't you waived, basically. Yes, Your Honor. So how do you get around that? I mean, harsh as it may seem, how do you get around it? Well, Your Honor, this case is different than that case. The case that was right before this Court wasn't dealing with a HAMP modification. This is. And because of the HAMP modification, the Fed, the U.S. Treasury, and the lender Well, I know that, but what I'm asking you is how is this distinguished How can you get yourself out from under the Supreme Court of Arizona's somewhat broad opinion and still have a cause of action that otherwise survives? How do you do that? Well, Your Honor, Your Honor, again, it would be because here what wasn't followed was the one piece of, as required by HAMP, of the bank offering our clients an alternative. And that failure to offer an alternative was the breach, which is separate and distinct from a normal foreclosure action that gives our clients the ability to proceed. Beyond that, Your Honor, as this Court already heard earlier today, just like in that case, our client was provided, time to time, routinely, without notice. In fact, if the Court looks at the briefs of Respondents, nowhere in their briefs do they allege our client was provided with notice of the final sale. Rather, they argue that the sale, the notice of the trustee sale, was recorded. There's no allegation before this Court, there's no fact before this Court that says they provided my client with notice. What happened, Your Honors, was our client, my client, received Correspondence from the bank that they were unable to continue with the HAMP, with the HAMP process because of a pending foreclosure. Now, Your Honors, that's disingenuous. Our clients rely Yes, Your Honor, I'm sorry. I want you to make sure you've answered Judge Ezra's questions. Judge Ezra, I believe that because of the participation of the HAMP program here, that the U.S. Treasury guidelines which say the bank must, must, if a purported modified modifier is not able to proceed with the program, the bank must offer them an alternative. That's what makes this different than, as you said, a show-me-the-note case. We're not talking about an improper, just an improper foreclosure process. What we're talking here is, in a sense, a predatory practice by the banks of leading our clients to believe that they were being negotiated with. Well, let me ask you this. Do any of your causes of action survive outside of the waiver, if the waiver applies here? Do you have causes of action against OneWest that survive? Are they somehow not connected directly to the foreclosure such that they survive? Well, Your Honor, if our client is afforded the opportunity to amend based on this recent decision, then a cause of action will be added pleading specifically this failure to comply with the requirements of HAMP of providing that alternative. So that isn't there now? That isn't there now because, Your Honor, that case was just decided by this Court in September. So the problem is, you've alleged, I think, three, was it three causes of action? Yes. One was for wrongful foreclosure. Yes, Your Honor. Correct? Correct. And that consisted of breach of the covenant of good faith and fair dealing and promissory estoffel. Correct, Your Honor. And then the second? Intentional infliction of emotional distress. Correct. And the third was fraud. Yes, Your Honor. Right? And the fraud claim – I'm sorry. Go ahead. No, I was just going to say, so the district court basically said you couldn't state – first of all, the district court recognized that in Arizona, there really is no – Arizona has – the Arizona Supreme Court has not recognized a tort claim for wrongful foreclosure. Correct, Your Honor. Is that right? That is correct, Your Honor. And no state – and if I'm not mistaken, maybe it was in the briefs or whatever. I can't remember where. But at least there had to be something – the claim has to be – you can't be in default or something. There was some requirement that – What they were saying, Your Honor, was that the – there has to be a tender of payment and you're correct. Yes. And that hadn't – that's not alleged here. Correct, Your Honor. In fact, the district – I think I read it in the district court's opinion. You're right, Your Honor. In fact, what's alleged is the opposite, and that's why the fraud claim survives. Well, but the district court said, look, there's no – there's no basis for this – for this wrongful foreclosure claim, if I'm not mistaken. So where did he go wrong? Well, Your Honor, the district court erred procedurally first in that the timeframe from the time one West's motion was filed to the time of decision was less than the 21 days, which under Rule 15, our client would have been. Well, I'm really – my question, maybe I should be more specific. Where did he go wrong in concluding that this first cause of action for wrongful foreclosure fails to state a claim under 12b-6? Your Honor, as pled? It doesn't. It does not. All right. Okay. And then he also said that you failed to state a claim for intentional infliction of emotional distress because what you allege they did was not outrageous conduct. Correct, Your Honor. Right? Well, he did look at the complaint. I have the complaint right here. I'm looking at the complaint. So if being – if a individual's – if a family is being led, is being contacted by a bank and told, default so you can proceed in the HAMP program, and then told they are not qualified in HAMP, and the bank then forecloses on the house without giving them notice, if that's not outrageous conduct, Your Honors, then I don't know what is. Okay. It may not have been labeled, this is outrageous. However, I think common understanding, I think anybody would say taking a person's house after the bank has said we're going to work with you is outrageous. Okay. So I'm going to just touch on this third claim, which is the fraud cause of action. Yes, Your Honor. Basically, there, as I understand it, he – the district court determined that there wasn't sufficient particularity as required by Rule 9 of the Federal Rules of Civil Procedure. Yes, Your Honor. And that – And he gave you a chance, I think in this – I may be confusing the cases, but – Not here, Your Honor. This was a – What would you – how would you – I looked at – you know, I – This was a decision of the judge. Particularity requires you give the other side notice of the basis for your fraud claim. Yes, Your Honor. And you read this, and there's just general allegations. Yes, Your Honor. And to direct the Court's attention, the complaint that was removed to Federal court was a complaint filed in Arizona State court. It would have passed the pleading requirement there. Had the district court not, in less than 21 days, issued a decision and judgment at the same time, our client would have had the ability and had the right under Rule 15 to amend. They would have been able to cure these – what the court would have been able to cure. Did you ask for leave to amend? No, Your Honor, because at the time – at the time the judgment was entered, it was a decision and judgment rendered at the same time. And after a judgment is entered, there would be no ability to ask for leave to amend. Did he hold oral – did he hold an oral argument on the motion to dismiss? Informed not, Your Honor. I'm sorry. He did not. You weren't there. I was not, Your Honor. So as far as you know, he did – the district court judge ruled on the papers. Yes, Your Honor. Looked at the complaint and said he don't state a claim here, but didn't give leave to amend. Exactly, Your Honors. And that's what we're asking for. We're asking for leave to amend. Basically, what you're doing is you're relying on this Court's prior decision suggesting that in certain cases it is incumbent upon the district court to give leave to amend before dismissing with prejudice. Exactly, Your Honor. That's exactly what happened in the Covello case. In that case, Your Honor, the district court dismissed the case on a 12b-6 motion. And just like here, there was no evidence that the bank provided any alternative to the individuals who were being foreclosed on. How is it that you have Fannie – is it Fannie? Fannie Mae? Yes. Your Honor, what did they do here that was so outrageous? Your Honor, Fannie – It sounds like your claims are against the bank, not against Fannie Mae. Your Honor, the factual allegations are directly against OneWest. However, Fannie Mae, as being a servicer and part of the process, in our opinion, is a proper defendant here, because they share the responsibility with the foreclosure  Fannie Mae is part of the foreclosure process. So how do they share responsibility for a fraud? I don't quite get that. If you plead your fraud allegations with particularity under Rule 9b, how would you put in the particularity, say, Fannie Mae is a participant in the fraud? Well, Your Honor, Fannie Mae, we believe will come out in discovery, was in the loop and had copies of all the documents that were being transmitted in this case. That would mean Fannie Mae was aware of the HAMP modification process with OneWest. Fannie Mae would have been aware that OneWest was telling our clients, we're working – you need to default, work with us, we will put you in a HAMP program. That Fannie Mae was aware that there was no notice of trustee sale provided to my client. And that Fannie Mae was aware that that house was foreclosed upon through that process. So you have some kind of a respondeat superior theory of fraud here, that somehow the fraud was allegedly committed by the bank and Fannie Mae is – the bank is their agent, so they're responsible? No, Your Honor, not exactly respondeat superior. Actually, it's more of a Fannie Mae can't claim willful blindness to what they knew was going to happen. Well, but I think Judge Gould's point, and I trust Judge Gould doesn't object to my suggesting this, and he'll correct me, I know, is – I don't mind at all. It will probably be an upgrade. I doubt it. You have to, in order to be guilty of fraud, you have to have specifically done things, you know, or willfully, willfully, with a certain high degree of intent allow things to happen. And just kind of being off there in the periphery on the documents doesn't seem like it would be enough. Being on the periphery of the documents, Your Honor, is not what happened here. They were aware of the process, and perhaps as part of the amendment, which is what we're asking the ability to do, an aiding and abetting cause of action after this discussion would be something that we would include in an amendment. So you wanted to save 7 minutes, but you're down to 1 minute and 33 seconds. Your Honors, I might – what we might have wanted to happen didn't happen, but I wanted to make sure we answered the Court's questions. All right. So you've got 1 minute and 25 seconds for rebuttal. Thank you, Your Honors. Okay. You might. Your Honors are right. We didn't need any breaks. Good morning, Richard Reynolds for Trustee Corps. I was not expecting to be the only one here, but that's fine. Our case is different. We have a consensual dismissal here. Our motion to dismiss was the first one filed. They chose not to file an opposition, so under the local rules, the Court dismissed it. The calendar that went on the case below shows that Trustee Corps' motion to dismiss was first filed. By the way, more than 21 days passed, so Rule 15 specifically does not apply under 15A1B, so they don't get to amend. They didn't object. Many courts have this rule where you have to file within 14 days or you're deemed consensual. All right. So your position is that the district court would have only been under an obligation to give them leave to amend if they would have actually come in and filed an objection to your motion, and because they didn't file an objection to your motion, your contention is that they basically demurred, so to speak, and let it go. That is a great use of the word demurred. Yes, Your Honor. Exactly. Otherwise, there's no point in enforcing the local rules, and since the courts have the right to control their own processes, when you're flooded with these types of cases, if somebody doesn't think their own case is important enough, as against a third party such as a foreclosure trustee who's simply an agent, then, yes, I think that they've waived their right. Well, you know, we were – you know, I'm all – I'm coming from the district court at one time. I'm sympathetic to the rules, but I think we have a recent – I think there's a recent Ninth Circuit opinion in the context of summary judgment where we've sort of criticized the district courts for simply relying on the local rules to grant summary judgment, but that's different. That's a little different. That could be different. But more importantly, Your Honors, is the fact that there's not one iota of allegations in the appellant's opening brief. That's more – that's probably more critical for the court. Concerning trustee corps, nor is there a reply brief, so – nor was there any mention of my client in opening argument. So I would say that that has been abandoned. Okay. Thank you. Mr. Speck, the one thing that I – I've heard the reference to the Madison case and the BT Capital case, which is the tort issue, but realistically, from a trustee's point of view, and Mr. Maum was representing a trustee in the previous case, a First American, the real issue is, when are we going to stop getting sued here, because the statute clearly does not allow us to be sued under ARS 3307e, we're even entitled to attorney's fees if we're joined in a case unless they allege that we did something outside what we were supposed to be doing. They have made no such allegation. So from our perspective, and the lower courts have clearly ruled, trustees in Arizona are not supposed to be sued unless we are an outlier. There's no such allegation. So we think enough is enough, Your Honor. Okay. Very good. Thank you. Thank you. Did you want – you have 1 minute and 25 seconds. Thank you, Your Honors. Your Honors, just for the record, the case that I earlier referenced, the decision by the – by this Ninth Circuit, was Covello v. Wells Fargo. It's 728.878. Your Honors, how do you get around the fact that apparently it wasn't you? No, Your Honors. Because you don't know very much about what went on down there. It wasn't even our firm, Your Honor. All right. So you're in a little bit of a handicap. But whoever it was, they apparently didn't object to the motion to dismiss. And you're now coming in. Is that correct or incorrect? As to the trustee. Solely with regard to the trustee. I understand. As to the trustee. So how can you fault the district court for not giving you leave to amend as to the trustee? With that regard, Your Honor, if this Court were to find that that was a requirement to have happened, that there needed to be opposition, then the trustee's argument would be correct. However, it's our position as we're here today that with regard to One West, that argument doesn't apply. Although the trustee may – although the opinion may be correct with regard to the with regard to his saying that there's nothing in the complaint or nothing of any allegations against the trustee. Again, I believe participation in failure to provide notice would be an allegation against the trustee. But notwithstanding, Your Honor's point is correct in that if this Court were to find that there needed to be opposition, then the Court is correct with regard to the trustee. You know, I – you know, my esteemed colleague, Judge Paez, was a district judge. I am a district judge. I can assure you that district judges in this circuit are keenly aware of the need to give leave to amend where somebody's complaint has been found to be deficient on the first round. And it looks like – it looks like there's a possibility of cure. Obviously, if there's no possibility of cure, then they don't have an obligation. But in this case, if they don't show up and they don't make any arguments, one wonders, you know, why would not the – why wouldn't the district judge assume that they've just simply abandoned their claim? Well, Your Honor, and that's what I want to make eminently clear, my client did show up and put in opposition with regard to one west. One west. Yes, Your Honor. I just want to make sure that's clear on that point, Your Honor. And further, Your Honor, with regard to what the Court pointed out is that, as you said, as a sitting district court judge, you pay attention to giving the party the opportunity to amend. I believe the – there may have been some confusion at the district court level in that the complaint which was removed was titled amended complaint, such that I believe there could have been, unlike as Your Honor said, where, as a sitting district court judge, you would give deference to allow the party the opportunity to amend, it's quite possible that that judge thought that amendment already happened in Federal court, because as upon removal, the complaint has to be taken as it's removed. It was titled amended complaint. It was amended as in the State court.  Okay. Thank you, Your Honor. Thank you. You're over your time. Thank you, Your Honor. Thank you, counsel. We appreciate your arguments. The matter is submitted.
judges: Ezra, Gould, Paez